**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-9794 PSG (MANx) | Date | April 6, 2011 |
| Title | Imageline, Inc. v. CafePress.com, Inc., *et al.* | | |

| | |
|---|---|
| Present: | The Honorable Philip S. Gutierrez, United States District Judge |

| | | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Denying CafePress.com, Inc.'s Motion to Dismiss, Denying Imageline, Inc.'s Motion to Strike, Ordering Local Rule 7.1-1 Briefing, and Ordering Imageline, Inc. to Show Cause Why Defendants Should Not Be Dismissed for Improper Joinder**

Pending before the Court is (1) Defendant CafePress.com, Inc.'s Motion to Dismiss Imageline, Inc.'s Complaint, and (2) Imagline, Inc.'s Motion to Strike CafePress.com, Inc.'s Certification and Notice of Interested Parties. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving and opposing papers, the Court DENIES the Motion to Dismiss, DENIES the Motion to Strike and ORDERS Imageline, Inc. to SHOW CAUSE why Defendants should not be dismissed for improper joinder.

I. Background

Plaintiff Imageline, Inc. ("Plaintiff" or "Imageline") allegedly created and obtained copyright protection for over forty-five two-dimensional images commonly known as computer clip-art. *See Compl.* ¶¶ 28-32. Defendant CafePress.com, Inc. ("CafePress") is the registered owner of the internet domain name www.cafepress.com (the "CafePress website"), *Compl.* ¶ 31, which, according to CafePress, is a website "that allows individuals and business to set up virtual online shops and offer for sale their products in a virtual online marketplace," *Mot.* 1:22-25. Imageline alleges that CafePress and a number of other defendants infringed its copyrights by offering products for sale on the CafePress website containing Imageline's protected images. *See, e.g., Compl.* ¶ 32, 33.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9794 PSG (MANx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | Imageline, Inc. v. CafePress.com, Inc., *et al.* | | |

On December 20, 2010, Imageline filed this lawsuit against CafePress, The Masonic Shop, Dog Lover Vic Hater, BaseDad, Shake Outfitters, Bizarre tees.com, Vitalfinds, I'm Two!, Gaspware Clothing Company, Joker's T-Shirts, Reel Gifts, So Cal tees, Pervert's Funny T-Shirts, 4 Crazy Dogs, Basketball Dad Store, Gifts for the Recrational Sports Enthusiast!, Pixel Gear, Grapevine Gear, Mighty Mac Wholesale, and MDG T-Shirt Shop. *Compl.* ¶¶ 5-24. Each named defendant was the alleged "agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all time . . . acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture." *Compl.* ¶ 26. CafePress allegedly participated in all the other individual defendants' infringing activity, presumably because it owns the website on which the various defendants sold the infringing merchandise. *See, e.g.*, *Compl.* ¶ 32 ("defendants Masonic and CafePress have infringed Plaintiff's rights . . . by offering said images to customers for purchase"); *see also Compl.* ¶ 31 ("Defendant CafePress is the registered owner of the domain name 'cafepress.com.'"). Three causes of action are asserted against all defendants: (1) copyright infringement; (2) providing false copyright management information under 17 U.S.C. § 1202(a); and (3) removal or alteration of copyright management information under 17 U.S.C. § 1202(b).

Pending before the Court is Defendant CafePress's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion for a More Definite Statement pursuant to Rule 12(e), *see* Dkt. #13, and Plaintiff Imageline's Motion to Strike CafePress's Certification and Notice of Interested Parties, *see* Dkt. #14. For the reasons that follow, the Court DENIES CafePress's Motion, DENIES Imageline's Motion to Strike, orders briefing on Local Rule 7.1-1, and orders Imageline to show cause why the other named defendants should not be dismissed for improper joinder.

## II. <u>CafePress's Motion to Dismiss</u>

The Court first considers CafePress's Motion to Dismiss Imageline's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A. <u>Legal Standard</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

B. Discussion

CafePress seeks dismissal of the claims asserted against it for three separate reasons: (1) Imageline's copyright infringement claim fails to properly allege that a registered copyright protects its images and there is no plausible claim for infringement against CafePress; (2) Imageline's claim that CafePress provided false copyright management information fails because it only conclusively alleges the elements of such a claim; and (3) Imageline's claim that CafePress removed or altered copyright management information fails because it too only conclusively alleges the elements of a copyright information removal or alteration claim.

1. Copyright Infringement

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9794 PSG (MANx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | Imageline, Inc. v. CafePress.com, Inc., *et al.* | | |

CafePress advances a number of arguments as to why Imageline's first cause of action for copyright infringement should be dismissed. CafePress first argues that "[a]s an initial matter, plaintiff's copyright infringement claim must be dismissed for failure to plead facts to show that plaintiff's images are subject to a valid copyright registration." *Mot.* 5:1-3. It is true that the Copyright Act "establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1242, 176 L. Ed. 2d 17 (2010). Imageline, however, alleges that "[e]ach Image is owned by Plaintiff, contains copyrightable subject matter under the laws of the United States, and has been registered with the United States Copyright Office." *Compl.* ¶ 29. This is sufficient to withstand a motion to dismiss. *See Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 621 (9th Cir. 2010) (holding that an allegation that a copyright registration application was submitted before institution of a lawsuit was sufficient). Despite CafePress's argument that Imageline must attach the "copyright registrations at issue" or other information identifying specific copyright registrations,[1] the Court is unable to find any case requiring that a plaintiff produce that information or face dismissal under Rule 12(b)(6), and the Court is not willing to institute such a requirement.[2]

---

[1] CafePress's insistence that, *inter alia*, the actual copyright registration must be produced to withstand a motion to dismiss apparently rests on a fundamental misunderstanding of the United States Code and cases cited to the Court. For example, CafePress cites 17 U.S.C. § 411(b)(1) and argues that it stands for the proposition that "registration numbers," "certificates" or the like are required to plead copyright infringement. However, 17 U.S.C. § 411(b)(1) states only that "[a] certificate of registration satisfies the [pre-suit registration] requirements." Thus, while attaching a certificate of registration is sufficient to establish pre-suit registration, it is not necessary.

[2] CafePress's argument that even if the images are registered with the Copyright Office, they are only registered as compilations, with no protection for the individual images. *See Mot.* 5:15-16. In doing so, CafePress requests that the Court take judicial notice of certain Copyright Office records printed from the internet. *See Request for Judicial Notice*, Dkt. #20. Even if the Court accepted CafePress's suggestion that these offered records show that Imageline has registered certain image compilations for copyright protection, the Court is unable to conclude that Imageline has not registered the individual images for copyright protection, or that the registration for a compilation does not satisfy the pre-suit registration requirement in the Copyright Act. *See Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283-84 (4th Cir. 2003) (explaining that "where an owner of a collective work also owns the copyright for a constituent part of that work, registration of the collective work is sufficient to permit an infringement action of the constituent part."), *abrogated by Reed Elsevier*, 130 S. Ct. 1237. While CafePress may, or

In addition, CafePress also argues that "the complaint does not sufficiently allege facts to demonstrate that CafePress infringed plaintiff's copyrights." *Mot.* 6:8-9. The Court disagrees. Though phrased somewhat differently for the different acts of infringement, Imageline's Complaint alleges that CafePress has "been reproducing, distributing and publicly displaying each of the Images and derivatives thereof . . . through Defendants' website located at the internet domain name www.cafepress.com . . . among other places," *Compl.* ¶ 30. In addition, Imageline attached Exhibit 1 to its Complaint, showing side-by-side depictions of its images and the products sold on CafePress's website. *See Compl.*, Ex. 1. The Complaint thus states a claim for copyright infringement by alleging ownership of a valid copyright and violation of, among other things, Imageline's right to distribute, an exclusive right granted to copyright owners. *See* 17 U.S.C. § 106 ("the owner of a copyright under this title has the exclusive right to authorize any of the following . . . reproduc[tion] . . . distribut[ion] . . . [and] display [of] the copyrighted work publicly"); *see also Metal Morphosis, Inc. v. Acorn Media Publishing, Inc.*, 637 F. Supp. 2d 1367, 1372 (denying a motion to dismiss a complain alleging copyright infringement against a distributor defendant and explaining that "[a] copyright owner may proceed against anyone in the chain of distribution for infringement").

However, the Court notes that to the extent Imageline's copyright infringement claim against CafePress is based on the conduct of other parties, but attributable to CafePress via an agency relationship, that aspect of Imageline's Complaint is insufficient. For example, Imageline's Complaint alleges that CafePress was the alleged "agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all time . . . acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture," *Compl.* ¶ 26. An agent in California is defined as "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. The essential elements of an agency relationship are: (1) that the agent or apparent agent holds power to alter legal relations between [the] principal and third persons and between [the] principal and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to matters entrusted to him." *Palomares v. Bear Sterns Residential Mortg. Corp.*, No. CV 07-1899 WQH (BLM), 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008) (citing *Garlock Sealing Technologies LLC v. NAK Sealing Technologies Corp.*, 148 Cal. App. 4th 937, 965, 56

---

may not, ultimately succeed on this theory, it is inappropriate for resolution at this stage of litigation as Imageline has alleged that "[e]ach Image is owned by Plaintiff, contains copyrightable subject matter under the laws of the United States, and has been registered with the United States Copyright Office." *Compl.* ¶ 29.

Cal. Rptr. 3d 177 (2007)). To sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 541, 99 Cal. Rptr. 2d 824 (Cal. Ct. App. 2000) (explaining that degree of control can be enough "to reasonably deem" one party the agent of another "under traditional agency principles"). In fact, "[c]ontrol is the key characteristic." *Id.*

The only allegations made by Imageline—that each defendant was the "agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all time . . . acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture," *Compl.* ¶ 26—are nothing more than legal conclusions of the type prohibited by *Iqbal* and *Twombly*. *See Iqbal*, 129 S. Ct. at 1949 (a complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do (citation omitted)). Imageline's allegation that the conduct of each defendant is imputed to the other therefore must fail.[3]

Because Imageline has adequately pleaded a copyright infringement claim against CafePress, the Court DENIES CafePress's motion to dismiss Imageline's first cause of action for copyright infringement. However, Imageline's agency allegations are insufficient and the Court gives Imageline LEAVE TO AMEND the Complaint.

2. False Copyright Information

CafePress next argues that the second cause of action alleging that CafePress provided false copyright management information ("CMI") in violation of 17 U.S.C. § 1202(a) is insufficiently pleaded and should be dismissed. Under 17 U.S.C. § 1202(a) "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement-- (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." Section 1202(a) is violated if: "(1) the person providing, distributing or importing the false [CMI] must know the [CMI] is false, and (2) the person providing, distributing, or importing the false copyright management information must do so with the intent to induce, enable, facilitate or conceal an infringement of any right under title

[3] To the extent that Imageline asserts an indirect copyright infringement claim against CafePress, it fails for the same reason Imageline's agency allegation fails. Although Imageline asserts that there is a sufficiently pleaded indirect copyright infringement claim based on the grounds that CafePress "authorized and/or ratified" the conduct of other defendants, there are no other plausible factual allegations suggesting that is true.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9794 PSG (MANx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | Imageline, Inc. v. CafePress.com, Inc., *et al.* | | |

17." *Ward v. National Geographic Soc.*, 208 F. Supp. 2d 429, 449 (S.D.N.Y. 2002). To clarify, Title 17 defines "copyright management information" as:

> [A]ny of the following information conveyed in connection with copies … of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy…or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright; (2) The name of, and other identifying information about, the author of a work; (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright; (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work; (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work; (6) Terms and conditions for use of the work; (7) Identifying numbers or symbols referring to such information or links to such information; (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202(c). One district court in New Jersey recently held that a digital watermark is a type of CMI. *See IQ Group, Ltd. v. Wiesner Pub., LLC*, 409 F. Supp. 2d 587, 596 (D. N.J. 2006).

In this case, the Court must determine, as an initial matter, whether Imageline properly alleged that CafePress added information that fits the definition of CMI and, if so, that the information is false. Although not explicitly stated, Imageline appears to argue that the "CafePress" watermarks on the allegedly infringing works are false CMI. *See Opp'n* 9:1-2. Since a digital watermark may be a type of CMI, *IQ Group, Ltd.*, 409 F. Supp. 2d at 596, and because Imageline attached and referenced exhibits containing CafePress's watermark over the allegedly infringing works, the Court finds that Imageline has adequately pleaded the existence of copyright management information falsely suggesting that CafePress is the owner of the images at issue. Moreover, Imageline alleges that CafePress "knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided [CMI] that is false is violation of 17

U.S.C. § 1202[(a)] by falsely claiming copyright ownership of Infringing Work." This, together with the exhibit attached to the Complaint, satisfies the requirements to plead a 17 U.S.C. § 1202(a) claim and the Court DENIES CafePress's Motion to Dismiss with respect to the second cause of action.

3. Removal/Alteration of Copyright Management Information

Finally, CafePress seeks dismissal of Imageline's third cause of action for removal or alteration of copyright management information in violation of 17 U.S.C. § 1202(b). To state a claim for removal of CMI under 17 U.S.C. § 1202(b)(1), a plaintiff must allege that a defendant: (1) without authority of the copyright owner or the law; (2) intentionally removed or altered CMI; (3) knowing or having reasonable grounds to know that the removal will induce, enable, facilitate, or conceal an infringement of the federal copyright laws. 17 U.S.C. § 1202(b)(1). Similarly, to plead a cause of action under 17 U.S.C. § 1202(b)(3), a plaintiff must allege that a defendant: (1) without authority of the copyright owner or the law; (2) distributed works or copies of works; (3) knowing that CMI has been removed or altered. 17 U.S.C. § 1202(b)(3).[4] Both § 1202(b)(1) and § 1202(b)(3) require, at this stage, an allegation that an original copyrighted work contained CMI.

Imageline's Complaint states that "[f]or each Image, Plaintiff embeds information within such Image's digital file identifying the owner, title and other information described under 17 U.S.C. § 1202(c)." *Compl*. ¶ 64. In addition, Imageline's exhibit attached to the Complaint identify each allegedly infringed image by its title and copyright registration. Imageline goes on to allege that "Defendants intentionally removed Plaintiff's [CMI]," *Compl*. ¶ 65, "Defendants distributed copies of the Images, or derivatives thereof, knowing that Plaintiff's [CMI] had been removed," *Compl*. ¶ 66, "Defendants intentionally altered Plaintiff's [CMI]," *Compl*. ¶ 67, "Defendants distributed copies of the Images, or derivatives thereof, knowing that Plaintiff's [CMI] had been altered," *Compl*. ¶ 68, "Plaintiff did not authorize Defendants to remove any of Plaintiff's [CMI] from any image," *Compl*. ¶ 69, and "Plaintiff did not authorize any Defendants to alter any of Plaintiff's [CMI] from any image," *Compl*. ¶ 70. Accordingly, Imageline has stated a claim for removal or alteration of copyright management information in violation of 17 U.S.C. § 1202(b) and the Court DENIES CafePress's Motion to Dismiss the Complaint's third cause of action.

[4] The Court need not discuss 17 U.S.C. § 1202(b)(2) because Plaintiff does not allege violation of (b)(2).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9794 PSG (MANx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | Imageline, Inc. v. CafePress.com, Inc., *et al.* | | |

In sum, the Court DENIES CafePress's Motion to Dismiss. However, because the Court determined that Imageline's agency allegations are insufficient, the Court gives Imageline until **April 27, 2011** to amend the Complaint.

III. Imageline's Motion to Strike CafePress's Certification and Notice of Interested Parties

The Court next considers Imageline's Motion to Strike the certification and notice of interested parties provided by CafePress. *See* Dkt. #14. Local Rule 7.1-1 provides that:

> To enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties shall file with their first appearance an original and two copies of a Notice of Interested Parties which shall list all persons, associations of persons, firms, partnerships and corporations (including parent corporations clearly identified as such) which may have a pecuniary interest in the outcome of the case, including any insurance carrier which may be liable in whole or in part (directly or indirectly) for a judgment that may be entered in the action or for the cost of defense. Counsel shall be under a continuing obligation to file an amended certification if any material change occurs in the status of interested parties as, for example, through merger or acquisition, or change in carrier which may be liable for any part of a judgment.
>
> The Notice shall include the following certification:
>
> "The undersigned, counsel of record for __________, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Local Rule 7.1-1. The Court agrees with Imageline's assertion that "CafePress.com apparently merely copy-and-pasted the list of fictitious names that Plaintiff itself identified in its Complaint" in violation of Local Rule 7.1-1, *Motion to Strike* 3:25-4:1, an assertion that CafePress does not oppose, *Opposition to Motion to Strike*, 1:15-17. Instead, CafePress argues that it "is not comfortable providing private user information in a publicly filed document absent a court order or otherwise valid legal process that would provide the effected users with notice and opportunity to appear," and that "the Electronic Communications Privacy Act [ECPA] potential prohibits [it] from disclosing subscriber information absent a court order, warrant or

subpoena." *Opposition to Motion to Strike* 1:15-21. Moreover, CafePress insists that a Motion to Strike is not the correct procedure vehicle to challenge a Local Rule 7.1-1 disclosure. *Opposition to Motion to Strike*, 1:6-7.

The Court agrees that a Motion to Strike is not a proper way of challenging a Certification and Notice of Interested Parties as required by this Court's Local Rules. Rule 12(f) states that the "court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is limited to pleadings." *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001). As the Certification and Notice of Interested Parties is not a pleading, *see* Fed. R. Civ. P. 7(a), and because Imageline has not established that it contains "redundant, immaterial, impertinent, or scandalous matter," the Court DENIES Imageline's Motion to Strike, *see Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (Motions to Strike "are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.").

Nevertheless, based on CafePress's admission that it did not comply with Local Rule 7.1-1's requirement to accurately provide the names of interested parties, the Court orders that the parties brief the question of whether the ECPA prohibits an interested-parties disclosure as required by Court rules, or even whether the ECPA applies to CafePress. CafePress is therefore ordered to file a seven (7) page brief by **April 27, 2011** on the applicability of the ECPA to CafePress and Rule 7.1-1, or the Court will order it to file a correct Local Rule 7.1-1 Certification. If CafePress files such a brief, Imageline will have until **May 11, 2011** to file a seven (7) page Opposition. No reply brief will be allowed unless so ordered by the Court.

IV. Order to Show Cause

Finally, Imageline is Ordered to Show Cause why the Court should not dismiss the remaining defendants for improper joinder. According to Federal Rule of Civil Procedure 20(a)(2), a plaintiff may permissively join defendants in a single action only if (1) the plaintiff is asserting a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) the claims involve a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Though improper joinder is not grounds for dismissal of an action, the Court may *sua sponte* drop improperly joined parties or sever improperly joined claims. *See* Fed. R. Civ. P. 21; *Martinez v. Encore Credit Corp.*, No 09-5490, 2009 WL 3233531, at *3 (C.D. Cal. Sept. 30, 2009). Accordingly, the Court orders Plaintiff to show cause in writing on

or before **April 27, 2011**, why Defendants are not improperly joined in this action under Rule 20(a)(2). If Imageline fails to respond to the order to show cause, the Court will dismiss the defendants other than CafePress.

V. Conclusion

Based on the foregoing, the Court DENIES CafePress's Motion to Dismiss Imageline's Complaint, DENIES Imageline's Motion to Strike, ORDERS ADDITIONAL BRIEFING on whether the ECPA applies to CafePress and Local Rule 7.1-1, and ORDERS Imageline to SHOW CAUSE why Defendants are not improperly joined in this action. The Amended Complaint, additional briefing and response to the Order to Show Cause are all to be produced by **April 27, 2011**, with the opposition to the additional briefing due May 11, 2011 if an opening brief is filed with the Court.

**IT IS SO ORDERED.**